Gaston, Judge.
 

 The only objections urged against the decree, which has been rendered below, are because of an alleged defect of parties. The first objection is, for that the representatives of Nichols, the principal obligor, have not be,en made defendants. This objection is clearly untenable, for in the amended bill, which has .been taken
 
 pro confesso,
 
 it is distinctly charged that Nichols has died insolvent, and that he has no personal representative. The other
 
 objection
 
 is, for that Howard, the co-surety of the defendant, has not been made a party defendant. We are of opinion that this objection also must be overruled, because the bill charges, and the allegation is not denied, that Howard is without
 
 the
 
 limits of the State. The ordinary practice of Courts of Equity, where one of several parties is out of the jurisdiction, and the others within it, is to charge the fact in the bill that such person is out of the jurisdiction; and then to proceed against the other parties, although the former has not been brought in. The court cannot, indeed, render any decree against
 
 him;
 
 but if the case be of that kind, in which a decree may be rendered against the defendants in the court, without impairing the rights of the absent party, the court will proceed to hear the cause as between the litigant parties, and to decree accordingly upon the merits. See
 
 Smith
 
 vs.
 
 Hibernian Mine
 
 Company, 1 Sch. & Lef. 240.
 
 Haddock
 
 vs.
 
 Tomlinson,
 
 2 Sim. & Stu. 219.
 
 Elmendorf
 
 vs.
 
 Taylor,
 
 10 Wheat. 162.
 
 West
 
 vs.
 
 Rundall, 2
 
 Mason 181. The doubt, if any, whether this practice ought to obtain
 
 *129
 
 here, is because of the statutory provision in this State, by which our Courts of Equity are authorized to make an order requiring a defendant, residing without the limits of the State, and on whom process has not been served, to appear therein on an appointed day, and if he fail to comply with such order, after due publication thereof, to order the plaintiff’s bill to be taken
 
 pro confesso
 
 against him, and make decree thereon as shall be thought just. But the decree thus rendered is not absolute. If the plaintiff should seek to enforce it against the property of the absent defendant, he is obliged to give security to abide such order, touching the restitution thereof, as the court may make, if the defendant should appear and petition to have the cause re-heard..— Should the defendant, within two years after rendering the decree, come within the State, the plaintiff must serve him, within a reasonable time, with a copy of the decree; and the defendant may, within twelve months after service of a copy of the decree, and, if he has not been so served with notice, may, at any time within three years after rendition of the decree, be permitted to answer the bill exhibited, and cause such proceedings to be had in the case, so far as he is concerned, as though no decree had been rendered, and the cause had then been originally instituted against him. 1 Rev. St. c. 32, s. 4. The relief which can be obtained under the piovisions of this statute against a non-resident, is so imperfect and inconclusive, that our courts have not deemed the possibility of obtaining it, as furnishing a sufficient reason for refusing redress to a plaintiff against a defendant directly subject to their jurisdiction, to which redress the plaintiff shews himself entitled, because he has not also made par»ties to his bill, persons residing without the limits of the State, who have an interest in the object of the suit. The point was directly decided at an early day after the enactment of the statute in
 
 Ingram
 
 vs. Lanier, 1 Hay. 221, was recognized by this court in
 
 Vann
 
 vs.
 
 Harget,
 
 2 Dev. & Bat. Eq. R. 31, and must be considered as now fully settled.
 

 Decree affirmed with costs. Per Curiam.